**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| HUHTAMAKI, INC. | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| GOODCO PRODUCTS LLC, | ) C.A. No. 1:24-cv-7044 ) |
| Defendant. | ) JURY TRIAL DEMANDED ) ) ) |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Huhtamaki, Inc. ("Huhtamaki" or "Plaintiff"), by and through its undersigned counsel, and for its Complaint for Patent Infringement, against Defendant GoodCo Products LLC ("GoodCo" or "Defendant"), alleges and states as follows:

**PARTIES**

1. Huhtamaki is an American company with its principal place of business at 9201 Packaging Drive, De Soto, KS 66018. Huhtamaki is a worldwide manufacturer and distributor of plastic, paperboard, and molded fiber food packaging and consumer goods products, including cups, plates, bowls, containers, cartons, and tableware products.

2. Upon information and belief, Defendant GoodCo is a Delaware limited liability company with a registered agent of Incorp Services, Inc. 131 Continental Drive, Suite 301, Newark, DE 19713 and its principal place of business at 6688 Joliet Road, Suite 185, Indian Head Park, Illinois. GoodCo purports to be in the business of supplying household and consumer goods including plastic kitchen wares and does so, at least in part, through private label programs for retailers.

**JURISDICTION AND VENUE**

3. This is an action for patent infringement arising out of at least Defendant's unauthorized manufacturing, importing, offering for sale, and/or selling of cups in violation of Huhtamaki's rights under the Patent Laws of the United States, 35 U.S.C. §1, et seq. Because this action arises under the patent laws of the United States, 35 U.S.C. § 271, et seq., this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant GoodCo because it is headquartered in this District. Furthermore, upon information and belief, Defendant regularly transacts business in the State of Illinois and has committed acts of infringement in this District by making, using, offering for sale, and selling infringing products within this District. Defendant also has an address in this District at 6688 Joliet Road, Suite 185, Indian Head Park, Illinois 60525.

5. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. §§ 1391 and 1400 because Defendant GoodCo has a facility, including a regular and establish place of business in this District, and resides in this District. Further, Defendant has committed acts of infringement within this District, including but not limited to the sale, offer for sale and use of the Accused Instrumentalities identified below.

**PATENT-IN-SUIT**

6. On April 19, 2016, the U.S. Patent and Trademark Office duly and legally issued as U.S. Patent No. 9,314,089 (the "'089 Patent"), titled "Container Having Enhanced Wall Integrity and Alignment Element." A true and accurate copy of the '089 Patent is attached hereto as Exhibit 1.

7. Huhtamaki is the assignee of the '089 Patent and owns all rights, title and interest in and to the '089 patent, including the sole and exclusive right to prosecute this action and enforce the '089 Patent against infringers and to collect damages for all relevant times.

## THE ACCUSED INSTRUMENTALITIES

8. Defendant GoodCo has infringed one or more claims of the '089 Patent by making, importing, distributing, marketing, offering for sale, and/or selling a series of plastic cups that read on at least Claim 1 of the '089 Patent (the "Accused Instrumentalities"). The Accused Instrumentalities are plastic cups that include a sidewall structure design with a plurality of outwardly-extending alignment structures as recited in the claims of the '089 Patent. True and accurate depictions of the Accused Instrumentalities as offered and sold by Defendant GoodCo are reproduced below.




**COUNT I: DIRECT INFRINGEMENT OF THE '089 PATENT**

9. The allegations of paragraphs 1-8 of this complaint are incorporated as if fully set forth herein.

10. Defendant GoodCo has infringed directly, either literally or under the doctrine of equivalents, one or more claims of the '089 Patent, by, without authority from Huhtamaki, making, using, selling, offering to sell and/or importing infringing products, including at least the Accused instrumentalities, in violation of 35 U.S.C. § 271(a).

11. For example, one of Defendant GoodCo's Accused Instrumentalities is a cup that includes the following each and every limitation of Claim 1 of the '089 Patent:

Claim 1: A substantially rigid container comprising:

- a bottom wall;

- a plurality of sidewall panel sections extending upwardly from said bottom wall, said panel sections forming a generally frustoconical sidewall having a polygonal cross-sectional shape, an interior surface and an exterior surface; and

- a generally axially-extending alignment structure positioned at least partially within at least one said sidewall panel section, said generally axially-extending alignment structure comprising of an exterior surface that conforms to a corresponding interior surface of said generally axially-extending alignment structure;

- wherein said exterior surface of said generally axially-extending alignment structure contains two-oppositely sloping faces such that a longitudinal ridge is created within said generally axially-extending alignment structure;

4

- wherein said substantially rigid container is capable of being fully nested within a second generally identical container;

- wherein each said generally axially-extending alignment structure is at least partially protruding from said generally frustoconical sidewall and extending outwardly away from said exterior surface of said generally frustoconical sidewall forming radially intermittent peaks and valleys along interior and exterior surfaces of said container.

12. As shown above, the Accused Instrumentalities incorporate each and every limitation in claim 1 of the '089 Patent, either literally or under the doctrine of equivalents. Specifically, the Accused Instrumentalities include a bottom wall, a plurality of sidewall panel sections forming a generally frustoconical sidewall having a polygonal cross-sectional shape, and a generally axially-extending alignment structure positioned at least partially within at least one sidewall panel section. The generally axially-extending alignment structure included in the Accused Instrumentalities is depicted in the image below for reference. As shown, the exterior surface of this alignment structure includes two oppositely sloping faces that create a longitudinal ridge within the alignment structure. Further, the Accused instrumentalities are capable of being fully nested within a second generally identical container. The alignment structure in the Accused Instrumentalities extends outwardly away from the exterior surface of the container sidewall forming radially intermittent peaks and valleys along the interior and exterior surfaces of the container.

13. Defendant's acts of infringement of the '089 Patent were undertaken without permission or license from Huhtamaki and during the term of the '089 Patent. Defendant's infringement has been and continues to be willful.

14. Huhtamaki has suffered monetary damages and other injuries as a result of Defendant's past and continuing infringement of the '089 Patent. Huhtamaki is entitled to recover damages in an amount to be determined at trial, but in no event less than a reasonable royalty.

15. Defendant's infringement of the '089 Patent is, has been, and continues to be willful, intentional, deliberate, or in conscious disregard of Huhtamaki's rights under the patent.

16. Huhtamaki has suffered irreparable harm, through its loss of market share and goodwill, for which there is no adequate remedy at law. Huhtamaki has and will continue to suffer this harm by virtue of each Defendant's infringement of the '089 Patent.

17. On information and belief, Defendant will continue to infringe the '089 Patent unless and until Defendant is enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Huhtamaki, Inc. prays the Court:

A. Enter judgment that U.S. Patent No. 9,314,089 is infringed,

B. Enjoin Defendant or any of its respective agents or related entities from making, using, offering to sell, selling, and/or supplying in or from the United States the Accused Products and any other systems and components of systems or methods that practice, or otherwise aiding or inducing GoodCo's distributors and/or customers or other persons or entities to practice, the subject matter of the '089 Patent, pursuant to 35 U.S.C. § 283;

C. Adjudge and declare that Huhtamaki is entitled to damages from Defendant for patent infringement of the '089 Patent, as well as prejudgment interest and costs against Defendant pursuant to 35 U.S.C. § 284;

6

D. Adjudge and declare that this case is an exceptional case pursuant to 35 U.S.C. § 285;

E. Award Huhtamaki its costs and attorneys' fees; and

F. Award Huhtamaki such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Huhtamaki, Inc. demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: August 9, 2024					Respectfully Submitted,

/s/ *Michael R. Annis*
Michael R. Annis
IL #6238967
Samantha R. Sweet
MO #74066 (*pro hac vice filed contemporaneously*)
HUSCH BLACKWELL LLP
8001 Forsyth Boulevard, Suite 1500
St. Louis, Missouri 63105
Telephone: 314.480.1500
Fax: 314.480.1505
mike.annis@huschblackwell.com
samantha.sweet@huschblackwell.com

***Attorneys for Plaintiff Huhtamaki, Inc.***

s